

FILED

APR 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

William St. Clair, Jr.
5790 Dunster Ct., Apt. 173
Alexandria, VA 22311
      Plaintiff,

v.

Raise the Bar, LLC
717 6th Street, N.W.
Washington, DC 20001

    And

Ugly, Inc.
2640 U.S. Route 9W
Cornwall, NY 12518

    And

Strong Box, Inc.
2121 South Industrial Road
Suite 107
Las Vegas, NV 89102

    And

UNKNOWN NAMED EMPLOYEE OF
COYOTE UGLY BAR AND SALOON
Individually and in their Official Capacity as
An Employee of Coyote Bar and Saloon,

    Defendants

Case: 1:07-cv-00664
Assigned To : Urbina, Ricardo M.
Assign. Date : 04/10/2007
Description: St. Clair v. Raise the Bar

Removed from the Superior Court
of the District of Columbia

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## **NOTICE OF REMOVAL**

Defendant Strong Box, Inc. ("Strong Box"), by counsel, pursuant to 28 U.S.C. §§ 1441, et seq., 28 U.S.C. § 1332, and Fed. R. Civ. P. 81(c), hereby respectfully submits this Notice of Removal of the above-captioned case from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. In support thereof, Strong Box states the following:

### I.

On February 23, 2007, Plaintiff William St. Clair, Jr., filed a Complaint in the Superior Court of the District of Columbia against Strong Box, among other defendants. See Complaint ("Compl.") and Writ of Summons, copies of which are collectively attached hereto and made a part hereof as Exhibit "A". That state court proceeding is styled William St. Clair, Jr. v. Raise the Bar, LLC, Ugly, Inc., Strong Box, Inc. and unknown named employee of Coyote Ugly Bar and Saloon, and is assigned Case No. 0001582-07. See id. (Exhibit "A" hereto). Plaintiff caused process to be served upon Strong Box, by service upon its resident agent Beckley Singleton (Exhibit "A" hereto) on March 19, 2007. The resident agent forwarded the Complaint and Writ of Summons to Strong Box through electronic mail on March 20, 2007 and by regular mail on March 20, 2007 See id. (Exhibit "A" hereto). The Complaint and Writ of Summons were received by Strong Box on March 20, 2007.

This is a personal injury action in which Plaintiff alleges he was battered by an alleged unknown employee and/or agent of Defendants Strong Box, Inc., Raise the Bar, LLC, and

2

Ugly, Inc., while a patron at an establishment known as Coyote Ugly Saloon.  Plaintiff brings causes of action for battery against the alleged unknown employee; vicarious liability; negligent supervision; negligent hiring and punitive damages.

## II.

This Notice of Removal is being filed within thirty (30) days of March 19, 2007 and within one (1) year of the commencement of this action, as is mandated by 28 U.S.C. § 1446(b).  See also Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). Accordingly, removal of this action is timely.

## III.

28 U.S.C. § 1441(a) provides that any civil action brought in a State in which the district courts of the United States have jurisdiction may be removed by the defendant to the district court of the United States embracing the state court where such action is pending.  Removal venue exists in this Court because the Superior Court of the District of Columbia is located within the geographical area embraced by the United States District Court for the District of Columbia.  See 28 U.S.C. § 1441(a).

## IV.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332.

## V.

### DIVERSITY OF CITIZENSHIP; AMOUNT IN CONTROVERSY

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest

3

and costs, and is between citizens of different states. Plaintiff's complaint alleges that Plaintiff William St. Clair is an adult citizen currently serving in the United States Armed Forces and is stationed at Fort Myer in Arlington, Virginia. Upon information and belief, Plaintiff is therefore a citizen for diversity purposes of Arlington, Virginia.   See Compl., ¶3 (Exhibit "A" hereto).

Strong Box is a citizen for diversity purposes of Nevada, because it is a Nevada corporation and has its principal place of business in Nevada.

Defendant Ugly, Inc., is a citizen of New York, because it is a New York corporation with a principal place of business in New York.

Plaintiff's complaint alleges that Defendant Raise the Bar, LLC, is a District of Columbia limited liability company located in the District of Columbia. Upon information and belief, Raise the Bar, LLC, is therefore a citizen of the District of Columbia for diversity purposes. See Compl., ¶4 (Exhibit "A" hereto).

Plaintiff's complaint alleges a specific amount of claimed damages in the sum of one million dollars ($1,000,000.00) in compensatory and five hundred thousand ($500,000) in punitive. See Compl., "wherefore clause" (Exhibit "A" hereto).

Given that the diversity of citizenship and amount in controversy requirements of 28 U.S.C. § 1332 are satisfied, this Court has original jurisdiction of this civil action.

## VII.

Pursuant to 28 U.S.C. § 1446(a), Strong Box, Inc. files herewith true and legible copies of all process, pleadings, documents, and orders which have been served upon it. See Exhibit "A" hereto.

4

## VIII.

Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being given to Plaintiff William St. Clair, through his attorney, Thomas P. Silis, Esq., Defendant Raise the Bar, LLC, through its alleged resident agent named in Plaintiff's Complaint, and the Superior Court of the District of Columbia. Defendant Ugly Inc., has received notice of this Notice of Removal and consents to the removal.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

By: _____
Nicholas S. McConnell
Jackson & Campbell, PC
1120 20th Street, N.W., South Tower
Washington, D.C.  20036
(202) 457-1600 – telephone
(202) 457-1678 – facsimile

Counsel for Defendants Strong Box, Inc., and Ugly, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this _10th_ day of April, 2007, I caused a copy of the foregoing

Notice of Removal with appended Exhibit "A" to be served by first class mail, postage prepaid,

upon:

> Thomas P. Silis, Esq.
> 815 King Street, Suite 310
> Alexandria, VA 22314
> Counsel for the Plaintiff, William St. Clair, Jr.

> Raise the Bar, LLC.
> Professional Resident Agent, Inc.
> 1828 L Street, N.W., Suite 500
> Washington, DC 20036

> Nicholas S. McConnell





**BECKLEY
SINGLETON** CHTD
ATTORNEYS AT LAW

520 LAS VEGAS BOULEVARD SOUTH
LAS VEGAS, NEVADA 89101
(702) 385-3373 ◆ FAX (702) 385-9447
WWW.BECKLEYLAW.COM

DANIEL F. POLSENBERG
PHILIP M. HYMANSON
JAMES L. EDWARDS
IKE LAWRENCE EPSTEIN
DAN R. WAITE
DAVID C. McELHINNEY
J. CHRISTOPHER JORGENSEN
JUDITH SIMON-KOHL
BRETT A. AXELROD
MICHAEL N. FEDER
BOB L. OLSON
SEAN M. McGUINNESS
SCOTT Y. MACTAGGART
BRUCE T. BEESLEY
PAUL A. MATTEONI

JILL GARCIA
ANNE M. LORADITCH
ANDREW R. DITON
SCOTT S. HOFFMANN
JOEL D. HENRIOD
HEIDI MARY STERN
BRYAN NADDAFI
ERIC D. HONE
SCOTT L. HALVORSEN
MICAELA RUSTIA
DUSTIN R. MORES
JOSEPH A. GUTIERREZ
JASON A. MAIER
L. EDWARD HUMPHREY
CARYN S. TIJSSELING
TRICIA M. DARBY
FRANCHESCA VAN BUREN
JAMES R. HARPER

OF COUNSEL
BRUCE A. LESLIE, CHTD
DAVID W. WARICK

March 20, 2007

e-mail/jan.marks@purelv.com/regular mail
Jan Marks
PURE Management Group
2121 S. Industrial Road, Ste. 107
Las Vegas, NV 89102

　RE:　William St. Clair, Jr. vs. Strong Box, Inc., et al.
　　　　Case No. A0001582-07

Dear Jan:

　　Attached please find a summons and complaint that were received by this office via U.S. mail on March 19, 2007, as resident agent for Strong Box, Inc. Please note that an answer or other responsive pleading to the complaint is due within 20 days.

　　Thank you for your attention to this matter, and if you have any questions or concerns please do not hesitate to contact me.

　　　　　　Very truly yours,

　　　　　　BECKLEY SINGLETON, CHTD

　　　　　　Ike Lawrence Epstein

ILE:ss
Attachments

cc:　Robert Frey/fax/853-4385

RECEIVED
MAR 2 0 2007
BY

3/20/07
Vicki (Willis)—
pls. forward accordingly.
—Rebecca

00001472;

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

0001582-07

| William St. Clair |
| --- |

*Plaintiff*

Civil Action No. [_____]

VS.

| Strong Box, Inc. |
| --- |

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Thomas P. Silis |
| --- |
Name of Plaintiff's Attorney

| 815 King Street, Suite 310 |
| --- |
Address

| Alexandria, VA 22314 |
| --- |

| 703-706-0075 |
| --- |
Telephone

By _____ Deputy Clerk

Date FEB 2 3 2007

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-468/Mar. 98

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

## Civil Division

**WILLIAM ST. CLAIR, JR.**
5790 Dunster Ct, Apt. 173
Alexandria, VA 22311

    **PLAINTIFF,**

      **v.**

**RAISE THE BAR, LLC**
717 6th Street, NW
Washington, DC 20001

SERVE:   Professional Resident Agent, Inc.
          1828 L Street, NW, Suite 500
          Washington, D.C., 20036

      and

**UGLY, INC.**
2640 US Route 9W
Cornwall, New York 12518

SERVE:   Liliana Lovell
          2640 US Route 9W
          Cornwall, New York 12518

      and

**STRONG BOX, INC**
2121 South Industrial Road
Suite 107
Las Vegas, Nevada 89102

SERVE:   Beckley Singleton
          530 Las Vegas Blvd. South
          Las Vegas, Nevada 89101

      and

**UNKNOWN NAMED EMPLOYEE OF
COYOTE UGLY BAR AND SALOON,**

*
*
*
*
*
Civil Action No.:
*
*
*
*
*
*
*
*
*
*
*
*
*
*

0001582-07

RECEIVED
Civil Clerk's Office
FEB 2 3 2007
Superior Court of the
District of Columbia
Washington, D.C.

INDIVIDUALLY AND IN THEIR      *
OFFICIAL CAPACITY AS AN
EMPLOYEE OF COYOTE BAR AND    *
SALOON
                          *

### DEFENDANTS.

## COMPLAINT

Plaintiff William St. Clair, Junior (hereinafter "William St. Clair"), by and through undersigned counsel, Thomas P. Silis, hereby respectfully moves for judgment against Defendants Raise the Bar, L.L.C. (hereinafter "Raise the Bar"), Ugly, Inc. and Strong Box, Inc. on the grounds and in the amount set forth below:

## JURISDICTION AND VENUE

1.    Jurisdiction is conferred upon this Court pursuant to D.C. Code §11-921, and jurisdiction over the parties is founded on D.C. Code §13-423.

2.    Venue in this Honorable Court is proper, as the cause of action arose in the District of Columbia.

## PARTIES

3.    This action is brought by Plaintiff William St. Clair, who is an adult citizen, currently serving as a Sergeant in the United States Armed Forces and is stationed at Fort Myer in Arlington, Virginia.

4.    Upon information and belief, Defendant Raise the Bar is a domestic limited liability company that initially registered to do business in Washington, D.C. on March 31, 2003. Upon information and belief, Defendant Raise the Bar owned and operated the establishment known as Coyote Ugly Saloon located at 717 Sixth Street, NW, Washington, D.C. 20001.

5.   Upon information and belief, Defendant Ugly, Inc. is the parent corporation of the Coyote Ugly Saloon operating at 717 Sixth Street, NW, Washington, D.C. 20001.

6.   Upon information and belief, Defendant Strong Box, Inc. owned and operated the establishment known as Coyote Ugly Saloon located at 717 Sixth Street, NW, Washington, D.C. 20001.

## FACTS

7.   On or about April 8, 2006, Plaintiff William St. Clair was legally on the premises as a patron at the Coyote Ugly Saloon in Washington, D.C.

8.   While Plaintiff St. Clair was lawfully on the premises, he inadvertently entered an area that was reserved for a private event.

9.   Plaintiff St. Clair was approached from behind by an agent of Coyote Ugly Saloon employed as a "bouncer" by the establishment.

10.   The agent/employee, while acting within the scope of his employment as a bouncer, commanded Plaintiff St. Clair to refrain from entering the private event room.

11.   Plaintiff St. Clair complied with all directions given by the employee/agent and ceased his attempts to enter the room.

12.   Suddenly, and without any provocation or warning whatsoever, the employee/agent advanced upon the back of Plaintiff St. Clair, who still had not turned around to face the bouncer, and placed his two arms around the neck of Plaintiff St. Clair, forming a chokehold.  All of these actions were done without provocation from Plaintiff St. Clair.

13.   As a result of being placed in the chokehold, Plaintiff St. Clair lost consciousness.

14.    After fully losing consciousness, Plaintiff St. Clair was then pushed to the ground by the bouncer, whereby Plaintiff fell face first to the ground. As a result of the agent/employee wrongfully pushing Plaintiff to the ground while unconscious, Plaintiff suffered serious lacerations above his right eye and to his forehead, his bottom lip, and below his chin.

15.    Plaintiff St. Clair, bleeding profusely from the wounds on his face, regained consciousness, collected himself, and walked out of the premises.

16.    Plaintiff St. Clair approached two other employees who were standing at the entrance of Coyote Ugly Bar and Saloon and asked them for assistance, however, they refused.

17.    Plaintiff St. Clair contacted a friend via telephone who came to Coyote Ugly Saloon and transported Plaintiff St. Clair to the George Washington University Hospital emergency room.

18.    Staff at the George Washington University Hospital emergency room examined Plaintiff St. Clair, and administered thirty-seven (37) sutures to the lacerations on his right eye, forehead, lip, and chin. The impact to Plaintiff's face and head caused by being pushed to the ground by the bouncer was so sever, that Plaintiff's top front teeth tore through his bottom lip, nearly severing the bottom lip.

19.    As a direct and proximate result of having been placed in a choke hold until unconscious and then pushed to the floor, Plaintiff St. Clair currently experiences numbness across his entire forehead and the area surrounding his right eye due to permanent nerve damage. Moreover, Plaintiff St. Clair has suffered permanent facial scarring as a result of the attack.

## COUNT I
(Battery)
(Unknown Named Employee of Coyote Ugly Bar and Saloon)

20.    The allegations in paragraphs one through nineteen (1-19) are replead as if fully set forth herein and are incorporated herein by reference.

21.    The Defendant Unknown Named Employee of Coyote Ugly Bar and Saloon (hereinafter "bouncer") intentionally caused and provoked a harmful and offensive bodily contact with Plaintiff St. Clair's person.

22.    Plaintiff St. Clair experienced a physical touching that was neither consented to, excused, nor justified at the hands of the bouncer in question.

23.    Plaintiff was unjustly placed in a chokehold, seized until he was unconscious, then recklessly pushed to the ground causing extensive injuries to his face and person.

24.    As a direct and proximate result of the unlawful touching by the bouncer, Plaintiff St. Clair sustained numerous facial lacerations requiring sutures. As a further direct and proximate result of the unlawful touching, Plaintiff St. Clair has suffered permanent nerve damage to his head and face as well as permanent scarring to same.

## COUNT II
(Vicariously Liability for Battery)
(Defendants Raise the Bar, Inc, Ugly, Inc. and Strong Box, Inc.)

25.    The allegations in paragraphs one through twenty-four (1-24) are replead as if fully set forth herein and incorporated herein by reference.

26.    At all times relevant herein, the bouncer in question was an employee and/or agent of the corporate Defendants and:

a) was hired based upon the needs of the Defendants to maintain the

peace of the establishment;

  b) received wages from the Defendants for the duties he performed;

  c) Defendants had the ultimate authority to discharge the bouncer from his position;

  d) Defendants controlled the bouncer's conduct, authorizing him to prevent disturbances and eject disruptive patrons; and

  e) the bouncer performed work that was an integral part of maintaining the peace at Coyote Ugly Saloon.

27. The bouncer, as an agent/employee of the Defendants, was acting well within the scope of his employment when he place Plaintiff St. Clair in the chokehold because:

  a) as a bouncer for the establishment, it was the kind he was employed to perform;

  b) the actions which caused Plaintiff's injures occurred within the authorized time and space limits of the establishment owned by the corporate Defendants;

  c) the bouncer's actions were actuated, at least, in part by a purpose to serve the master; and

  d) if force was intentionally used by employee against another, the use of force was not unexpected by the corporate Defendants.

28.  Plaintiff St. Clair experienced a physical touching that was neither consented to, excused, or justified at the hands of the bouncer in question, who was acting within the scope of his employment by Defendants and Coyote Ugly Saloon.

29.  Plaintiff was unjustly placed in a chokehold, seized until he was

unconscious, then recklessly and willfully pushed to the ground causing extensive injuries to his face and person.

30.    The bouncer intentionally provoked harmful and offensive bodily contact with Plaintiff St. Clair's person.

31.    Because the bouncer in question was employed to maintain the peace of the environment in which he worked and to protect patrons from aggressive persons, any act that was committed for the furtherance of such duties and those actions that are incidental to his authorized duties are within the realm which imposes vicarious liability upon his employer.

32.    The bouncer intentionally used force against Plaintiff St. Clair, and the use of some force in order to maintain order was not unexpected by Defendants Raise the Bar and Ugly, Inc.

33.    The bouncer was operating within the authority conferred upon him by both Defendants Raise the Bar, Ugly, Inc., and Strong Box, Inc. based on the theory of respondeat superior, Defendants Raise the Bar, Inc., Ugly, Inc., and Strong Box, Inc. are vicariously liable for the intentional tort committed by the bouncer in their employ while acting within the scope of his employment.

## COUNT II
(Negligent Supervision)
(Defendants Raise the Bar, LLC, Ugly, Inc. and Strong Box, Inc.)

34.    The allegations in paragraphs one through thirty-three (1-33) are re-plead here and incorporated herein by reference.

35.    Defendants Raise the Bar, Ugly, Inc. and Strong Box, Inc. had a duty to properly supervise and manage its employee and/or agent, particularly given that the

employee/agent's duties involved using force to maintain order on the premises.

36. Defendants Raise the Bar, Inc., Ugly, Inc., and Strong Box, Inc. knew or should have known the bouncer behaved in a dangerous or otherwise incompetent manner, and that Raise the Bar, Ugly, Inc. and Strong Box, Inc., armed with that actual or constructive knowledge, failed to adequately supervise its employee/agent.

37. Defendants Raise the Bar, LLC, Ugly, Inc., and Strong Box, Inc. breached its respective duty to supervise the bouncer who apparently was overzealous in the performance of his duties.

38. As a direct and proximate result of Defendants breach of said duty, Plaintiff St. Clair suffered serious and permanent injuries to his face and head.

## COUNT III
### (Negligent Hiring/Retention)

39. The allegations in paragraphs one through thirty-eight (1-38) are replead as if fully set forth herein and incorporated herein by reference.

40. Defendant Raise the Bar, Defendant Ugly, Inc., and Defendant Strong Box, Inc. had a duty to use reasonable care when selecting employees competent and fit for the work assigned to them and to refrain from retaining the services of an unfit employee.

41. Defendant Raise the Bar, Defendant Ugly, Inc., and Defendant Strong Box, Inc. had a duty to select persons who are fit to perform the tasks for which they are hired. Defendants Raise the Bar, Ugly, Inc., and Strong Box, Inc. had a duty to provide bouncers and who adequately and reasonably perform their duties and protect the people who patronize the establishment.

42. Defendants were negligent in hiring a bouncer who was overzealous and

unreasonably violent in the performance of his duties.   Despite Plaintiff St. Clair fully

complying with the bouncer's instructions, said bouncer, without provocation, choked

Plaintiff St. Clair until he passed out; and then, pushed him onto the floor, causing

lacerations to his head and face.

43.     For Plaintiff St. Clair, his sense of safety was violated by the person hired

to protect the class to which he belonged, the patrons of Coyote Ugly Saloon.

When an employer neglects this duty and injury occurs to a third party, the employer may

be liable even though the injury was brought about by the willful act of the employee.

44.     Defendant Raise the Bar, Defendant Ugly, Inc., and Defendant Strong

Box, Inc. breached its respective duty to select a competent employee to serve as a

bouncer.

45.     As a direct and proximate result of Defendants breach of said duty,

Plaintiff St. Clair suffered serious and permanent injuries to his face and head.

**COUNT IV**
**(Punitive Damages)**

46.     The allegations in paragraphs one through forty-five (1-45) are replead as

if fully set forth herein and incorporated herein by reference.

47.     The Defendant Unknown Named Employee of Coyote Ugly Bar and

Saloon, under the control of Defendant Raise the Bar, Defendant Ugly, Inc., and

Defendant Strong Box, Inc. whereby they are vicariously liable,  acted under

circumstances amounting to a willful and wanton disregard of  Plaintiff's person and

well-being, such that an award of punitive damages to the Plaintiff to punish the

Defendants for their failure to provide a safe environment for patrons and to serve as an

example that bouncers cannot abuse their power, and if they do, employers are and

should be liable for any exaggerated and excessive injuries sustained.

WHEREFORE, Plaintiff William St. Clair, Junior requests judgment against Defendants Raise the Bar, LLC, Ugly, Inc., Strong Box, Inc. and Unknown Named Employee of Coyote Ugly Bar and Saloon for:

      a. Damages in the sum of one million dollars;

      b. Punitive damages in the amount of $500,000.00;

      c. Such other and further relief as the court deems just and proper.

Respectfully submitted,

Law Office of Thomas P. Silis, PLLC

By: _____

Thomas P. Silis
815 King Street, Suite 310
Alexandria, Virginia 22314
(703) 706-0075

Attorney for Plaintiff William St. Clair, Junior

*[handwritten: 07 1 664 B RMU]*

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

*[handwritten: William St. Clair]*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *[handwritten: 88888]*
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

*[handwritten: Raise the Bar]*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT *[handwritten: D.C.]*
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Thomas P. Silis    703-706-0075
815 King Street, #310
Alexandria, VA  22314

Case: 1:07-cv-00664
Assigned To : Urbina, Ricardo M.
Assign. Date : 04/10/2007
Description: St. Clair v. Raise the Bar

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S. Government
Defendant

☐ 3 Federal Question
(U.S. Government Not a Party)

*[circled]* 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ■ 4 |
| Citizen of Another State | ■ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ■ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
■ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D>Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ **G.** *Habeas Corpus/ 2255*<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ **H.** *Employment Discrimination*<br><br>□ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ **I.** *FOIA/PRIVACY ACT*<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | □ **J.** *Student Loan*<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ **K.** *Labor/ERISA (non-employment)*<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ **L.** *Other Civil Rights (non-employment)*<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ **M.** *Contract*<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ **N.** *Three-Judge Court*<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

□ 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify)    □ Multi district Litigation    □ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. § 1441 et seq., 28 U.S.C. § 1332 and Fed. R. Civ. P 81(c) Removal on the basis of diversity jurisdiction.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS □   ACTION UNDER F.R.C.P. 23     **DEMAND $**    Check YES only if demanded in complaint    **JURY DEMAND:** □ YES   ■ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)   □ YES   ■ NO    If yes, please complete related case form.

DATE 4/10/07    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.