IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| William St. Clair, Jr.,<br>5790 Dunster Ct., Apt. 173,<br>Alexandria, VA 22311,<br><br>    Plaintiff,<br><br>v.<br><br>Raise the Bar, LLC,<br>717 6th Street, N.W.,<br>Washington, DC 20001,<br><br>    and<br><br>Ugly, Inc.,<br>2640 U.S. Route 9W,<br>Cornwall, NY 12518,<br><br>    and<br><br>Strong Box, Inc.,<br>2121 South Industrial Road,<br>Suite 107,<br>Las Vegas, NV 89102,<br><br>    and<br><br>UNKNOWN NAMED EMPLOYEE OF<br>COYOTE UGLY BAR AND SALOON,<br><br>    Defendants. | Civil Action No. 1:07-cv-00664-RMU<br>Removed from the Superior Court<br>of the District of Columbia |

## ANSWER OF DEFENDANTS STRONG BOX, INC. AND UGLY, INC.

Defendants Strong Box, Inc. and Ugly, Inc. (collectively, "Defendants"), by counsel, answer the Complaint herein as follows:

### First Defense

The Complaint, and each and every Count thereof, fails to state a claim against Defendants upon which relief can be granted.

335070v.1

**Second Defense**

For answer to the separately-numbered paragraphs of the Complaint, Defendants state as follows:

**JURISDICTION AND VENUE**

1.  The allegations set forth in paragraph 1 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given. To the extent that a response is deemed to be required, Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Complaint, the legal effect of which is to deny the same.

2.  The allegations set forth in paragraph 2 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given. To the extent that a response is deemed to be required, Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Complaint, the legal effect of which is to deny the same.

**PARTIES**

3.  Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 3 of the Complaint, the legal effect of which is to deny the same.

4.  The allegations set forth in paragraph 4 of the Complaint relate to a party other than Defendants, and therefore require no response. To the extent that a response is deemed to be required, Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 4 of the Complaint, the legal effect of which is to deny the same.

5.   Denied. For further answer, Ugly, Inc. is the owner of the Trademark and Service Mark "Coyote Ugly," which it licensed to Raise the Bar, LLC, for its use in connection with the establishment known as "Coyote Ugly Bar and Saloon" located at 717 6th Street, NW, Washington DC 20001. Ugly, Inc., did not control the day-to-day operations of Coyote Ugly Saloon ("Bar") and/or direct the performance of the Bar's employees and/or the manner in which the work was done; did not select or engage the Bar's employees; did not pay the wages of the Bar's employees; and did not have the power to discharge the Bar's employees.

6.   Denied. For further answer, Defendant Strong Box, Inc., states that it did not control the day-to-day operations of Coyote Ugly Saloon ("Bar") and/or direct the performance of the Bar's employees and/or the manner in which the work was done; did not select or engage the Bar's employees; did not pay the wages of the Bar's employees; and did not have the power to discharge the Bar's employees.

## FACTS

7.   Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Complaint, the legal effect of which is to deny the same.

8.   Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Complaint, the legal effect of which is to deny the same.

9.   Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 9 of the Complaint, the legal effect of which is to deny the same. As to allegations that the "bouncer" was an agent and/or employee

335070v.1

of Coyote Ugly Saloon, such allegations constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.

10.   Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Complaint, the legal effect of which is to deny the same. As to allegations that the "bouncer" was an "agent" of Coyote Ugly Saloon, and was acting within the scope of his employment as a "bouncer," such allegations constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.

11.   Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 11 of the Complaint, the legal effect of which is to deny the same. As to allegations that the "bouncer" was an "employee/agent" of Coyote Ugly Saloon, such allegations constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.

12.   Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Complaint, the legal effect of which is to deny the same. As to allegations that the "bouncer" was an "employee/agent" of Coyote Ugly Saloon, such allegations constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.

13.   Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Complaint, the legal effect of which is to deny the same.

14.   Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Complaint, the legal effect of which

335070v.1

is to deny the same. As to allegations that the "bouncer" was an "agent/employee" of Coyote Ugly Saloon, such allegations constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.

15. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 15 of the Complaint, the legal effect of which is to deny the same.

16. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 16 of the Complaint, the legal effect of which is to deny the same.

17. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 17 of the Complaint, the legal effect of which is to deny the same.

18. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 18 of the Complaint, the legal effect of which is to deny the same.

19. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 19 of the Complaint, the legal effect of which is to deny the same.

## COUNT I

### (Battery)
### (Unknown Named Employee of Coyote Ugly Bar and Saloon)

20. Defendants incorporate by reference herein the answer and defenses set forth above, and further state as follows:

335070v.1

21. The allegations set forth in Paragraph 21 of the Complaint relate to a party other than Defendants, and therefore require no response. To the extent that a response is deemed to be required, Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 of the Complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22 of the Complaint, the legal effect of which is to deny the same. Such allegations also constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.

23. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Complaint, the legal effect of which is to deny the same. Such allegations also constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.

24. Defendants are without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 24 of the Complaint, the legal effect of which is to deny the same.

### COUNT II
### (Vicariously Liability for Battery
### (Defendants Raise the Bar, Inc. Ugly, Inc. and Strong Box, Inc.)

25. Defendants incorporate by reference herein the answer and defenses set forth above, and further state as follows:

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT II (inaccurately numbered)
### (Negligent Supervision)
### (Defendants Raise the Bar, LLC, Ugly, Inc. and Strong Box, Inc.)

34. Defendants incorporate by reference herein the answer and defenses set forth above, and further state as follows:

35. Denied.

36. Denied.

37. Denied.

38. Denied.

## COUNT III (inaccurately numbered)
### (Negligent Hiring/Retention)

39. Defendants incorporate by reference herein the answer and defenses set forth above, and further state as follows:

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

44. Denied.

45. Denied.

7

## COUNT IV (inaccurately numbered)
### (Punitive Damages)

46. Defendants incorporate by reference herein the answer and defenses set forth above, and further states as follows:

47. Denied.

### THIRD DEFENSE

All allegations of the Complaint not specifically hereinabove admitted are denied.

### FOURTH DEFENSE

The "unknown named employee of Coyote Ugly Bar and Saloon" was not and is not an employee and/or agent of the Defendants.

### FIFTH DEFENSE

The Defendants committed no acts of negligence and/or other violations of the standard of care.

### SIXTH DEFENSE

The Defendants are not vicariously liable for any alleged negligence of any of the other Defendants.

### SEVENTH DEFENSE

At the times relevant to the Plaintiff's claims, the Defendants were not the employer, principal, or master of the "unknown named employee of Coyote Ugly Bar and Saloon."

## EIGHTH DEFENSE

The Defendants reserve the right to assert that Plaintiff failed to mitigate his damages.

## NINTH DEFENSE

The injury or damage, if any, that Plaintiff may have sustained was caused solely and proximately by conditions or disease processes or by the acts or omissions of Plaintiff or by others for which the Defendants are not legally responsible.

## TENTH DEFENSE

The Defendants demand strict proof of any damages claimed by Plaintiff in this lawsuit.

## ELEVENTH DEFENSE

Plaintiff is barred, in whole or in part, from obtaining the relief requested in the Complaint under the doctrines of unclean hands, and/or in pari delicto.

## TWELFTH DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were caused by contributory negligence or the sole negligence of the Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were caused and/or are barred by the Plaintiff's assumption of the risk.

## FOURTEENTH DEFENSE

The Defendants deny all allegations of malicious, willful, and/or intentional conduct, and demand strict proof thereof.

### FIFTEENTH DEFENSE

Without conceding the existence of an employment relationship between the Defendants and the "unknown named employee of Coyote Ugly Bar and Saloon" at certain times relevant hereto, the Defendants deny that the alleged intentional torts of the "unknown named employee of Coyote Ugly Bar and Saloon" constituted conduct of the same general nature as that conduct which the Defendants had authorized, or that it was incidental to authorized conduct, and that the use of force by the "unknown named employee of Coyote Ugly Bar and Saloon," was foreseeable or expectable by the Defendants.

### SIXTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in the District of Columbia are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

### SEVENTEENTH DEFENSE

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the District of Columbia's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

335070v.1

## EIGHTEENTH DEFENSE

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## NINETEENTH DEFENSE

The imposition of punitive damages in this case would violate the Excessive Fines Clauses of the United States Constitution.

## TWENTIETH DEFENSE

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

## TWENTY-FIRST DEFENSE

The imposition of punitive damages in this case based upon evidence of Defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-SECOND DEFENSE

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## TWENTY-THIRD DEFENSE

The law of the District of Columbia does not authorize suits by or against fictitious defendants including the "unknown named employee of Coyote Ugly Bar and Saloon" alleged in this action.

## TWENTY-FOURTH DEFENSE

The Defendants reserve the right to assert such other and further defenses as may become apparent or available during pretrial proceedings.

WHEREFORE, having answered the Complaint herein, Defendants request that this matter be dismissed, that Defendants be awarded reasonable costs and attorneys' fees, and that the Court grant such other relief as it deems appropriate.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

By: /s/ Nicholas S. McConnell
_____
Nicholas S. McConnell (#167742)
1120 – 20th Street, NW (South Tower)
Washington, DC  20036-3437
(T)(202) 457-1600
(F)(202) 457-1678
nmcconnell@jackscamp.com
Counsel for Defendants
Strong Box, Inc.
Ugly, Inc.

335070v.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of April 2007, I caused a copy of the foregoing Answer of Defendants to Complaint to be served electronically and/or by first class-mail upon:

>Thomas P. Silis, Esq.
>815 King Street, Suite 310
>Alexandria, VA 22314
>Counsel for the Plaintiff, William St. Clair, Jr.

>Raise the Bar, LLC.
>Professional Resident Agent, Inc.
>1828 L Street, N.W., Suite 500
>Washington, DC 20036

Nicholas S. McConnell

335070v.1