IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| William St. Clair, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:07-cv-00664-RMU |
| ) | |
| Raise the Bar, LLC, et al. ) | |
| ) | |
| Defendants. ) | |

**SPECIAL REPORT PURSUANT TO LCvR 16.3 OF
DEFENDANTS STRONG BOX, INC. AND UGLY, INC.**

Pursuant to this Court's Standing Order for Civil Cases, and Local Civil Rule 16.3, Defendants Strong Box, Inc. and Ugly, Inc. ("Defendants," collectively), through counsel, hereby respectfully submit the following special report:

1.  On February 21, 2007, Plaintiff William St. Clair, Jr. ("Plaintiff") filed a Complaint in the Superior Court of the District of Columbia alleging battery against a defendant identified as an "unknown named employee of Coyote Ugly Bar and Saloon." Plaintiff also alleges vicarious liability for the battery, negligent supervision, and negligent hiring/retention against Defendants Raise the Bar, LLC, Strong Box, Inc., and Ugly, Inc., as the alleged employers or principals of the unknown defendant.[1]

2.  On April 10, 2007, this case was timely removed to this Court.

---

[1] Defendants deny any vicarious liability for Plaintiff's injuries. Ugly is the owner of the Trademark and Service Mark "Coyote Ugly," which it licensed to Raise the Bar, LLC, for Raise the Bar, LLC's use in connection with the establishment known as "Coyote Ugly Bar and Saloon" (the "Saloon") located at 717 6th Street, NW, Washington DC 20001. Defendants did not control the day-to-day operations of the Saloon and/or direct and/or supervise the performance of the Saloon's employees and/or the manner in which the work was done; did not select or engage the Saloon's employees; did not pay the wages of the Saloon's employees; and did not have the power to retain and/or discharge the Saloon's employees.

3.  An initial status hearing was originally scheduled for June 18, 2007. On June 8, 2007, Defendants filed a consent motion seeking a continuance of that hearing. This Court granted Defendants' consent motion and continued that hearing to August 23, 2007.

4.  The continuance was sought because Plaintiff's counsel – who is not a member of the Bar of this Court – needed time to become admitted to practice in this Court so that he could act as counsel of record for Plaintiff. As indicated in Defendants' consent motion for a continuance of the initial status hearing, Plaintiffs' counsel had informed Defendants' counsel that he intended to be sworn into this Court on July 2, 2007.

5.  Plaintiff's counsel recently informed Defendants' counsel that he was not admitted to the Bar of this Court as expected, and therefore is still unable to act as counsel of record for Plaintiff. Plaintiff's counsel also informed Defendants' counsel that he has been unable to contact Plaintiff because Plaintiff may have been deployed for military service out of the country. As there is no counsel of record for Plaintiff with whom Defendants' counsel can confer, and Defendants' counsel is unable to speak with Plaintiff directly, Defendants' counsel is unable to submit the joint report required by Local Rule 16.3, and respectfully submits this special report in lieu thereof.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.


By: /s/ Maria A. Hall
_____
Nicholas S. McConnell (#167742)
nmcconnell@jackscamp.com
Maria A. Hall (#488727)
mhall@jackscamp.com
1120 – 20th Street, NW (South Tower)
Washington, DC  20036-3437
(T)(202) 457-1600
(F)(202) 457-1678
Counsel for Defendants
Strong Box, Inc. and Ugly, Inc.

# **CERTIFICATE OF SERVICE**

I hereby certify that on this _14th_ day of August 2007, I caused copies of the foregoing Special Report Pursuant To LCvR 16.3 of Defendants Strong Box, Inc. and Ugly, Inc. to be served electronically and/or by first class-mail upon:

> Plaintiff William St. Clair, Jr.
> c/o Thomas P. Silis, Esq.
> 815 King Street, Suite 310
> Alexandria, VA 22314

> Defendant Raise the Bar, LLC.
> c/o Professional Resident Agent, Inc.
> 1828 L Street, N.W., Suite 500
> Washington, DC 20036

_____
Maria A. Hall